FILED

**UNITED STATES DISTRICT COURT** 2016 JUN 22 PM 3: 14
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION** CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLA.
ORLANDO, FL

JAMIE SILANO,

    Plaintiff,

CASE NO.: 6:16-CV-1093-ORL-18-GJK

-VS-

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A., from invading American citizens' privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). "Senator Hollings

1

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5.    According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.    The alleged violations described herein occurred in Orange County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, residing in Orlando, Orange County, Florida.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

12.     Defendant is a Corporation and National Association with a principal place of business in San Francisco, California, and conducting business in the state of Florida.

13.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.     Defendant is a "creditor" as defined in Florida Statute §559.55(5).

15.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (973) *** - 8501, and was the called party and recipient of Defendant's hereinafter described calls.

16.     In or about 2010, Plaintiff began receiving calls to her aforementioned cellular telephone from Defendant both seeking to recover an alleged debt, and offering the services of Wells Fargo Home Mortgage in the refinance, modification short sale or foreclosure of an alleged debt.

17.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 678-7986, (800) 266-6932, (800) 944-4601, (800) 970-7834 and (515) 324-9055,

and when that numbers is called, a pre-recorded message answers "Welcome to Wells Fargo Home Mortgage. Para continuar in Español, oprima nueve. To get started, please enter your loan number, followed by pound."

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because when she answered a call from the Defendant she would hear either an extended pause before a representative would come on the line, or an automated message telling her the call was from Wells Fargo, and to please hold the line for the next available representative.

19.     Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

21.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

22.     Defendant attempted to offer Plaintiff the use of Defendant's services in the refinance, modification, short sale or foreclosure of an alleged debt.

23.     In or about the Spring of 2010, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that she was not late on her payment, that the payment was being mailed in to their office, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

24.     During the aforementioned phone conversation in or about 2010 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

26.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

27.     Additionally, in or about October of 2014, due to continued automated calls to her aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative of Defendant, and informed the agent/representative of Defendant that the payment was being mailed out, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

28.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent the Defendant may have had to call her aforementioned cellular telephone number.

29.     On at least ten (10) separate occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

30.     Each of the Plaintiff's requests for the harassment to end were ignored.

31.     From about July 28, 2013 through about December of 2015, Defendant has placed approximately one-thousand five-hundred (1,500) actionable calls to Plaintiff's aforementioned cellular telephone number.

32.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

33.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

34.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

35.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

36.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

6

37.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

38.     Defendant has previously stipulated in other TCPA litigations that the equipment used to make phone calls, such as the phone calls received by Plaintiff in this case, was indeed an ATDS and/or a predictive dialer.

39.     Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

40.     Defendant violated the TCPA with respect to the Plaintiff.

41.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

42.     Plaintiff incorporates Paragraphs one (1) through forty-one (41) above as fully stated herein.

43.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

44.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial

voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

45.     Plaintiff incorporates Paragraphs one (1) through forty-one (41) above as fully stated herein.

46.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

47.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

48.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

49.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

_s/Shaughn C. Hill_
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Shill@ForThePeople.com
LCrouch@ForThePeople.com
Attorney for Plaintiff